UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GARY TAI, et al., <br>                    Plaintiffs, <br> v. <br> JC FUNDING-5, LLC, et al, <br>                    Defendants. | Case No. 2:17-cv-02588-MMD-PAL <br><br> ORDER |

This matter is before the court on pro se defendant Jeff N. Crossland's ("Crossland), and pro se defendant Leslie Dotson's ("Dotson") failure to file a Certificate of Interested Parties as required by LR 7.1-1. The Complaint (ECF No. 1) in this matter was filed October 4, 2017. Defendant Dotson filed an Answer (ECF No. 11) November 6, 2017. Defendant Crossland filed a Motion to Quash (ECF No. 12) November 6, 2017. LR 7.1-1(a) states, in pertinent part, that "pro se parties and attorneys for private non-governmental parties must identify in the disclosure statement all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case."

The disclosure statement must include the following certification:

> The undersigned, pro se party, certifies that the following may have a direct, pecuniary interest in the outcome of this case: (here list the names of all such parties and identify their connection and interests.) These representations are made to enable judges of the court to evaluate possible disqualifications or recusal.
>
> Signature of pro se party.

Defendants Crossland and Dotson must file a notice with the court disclosing all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case. If there are no known interested parties

1

other than those participating in the case, "a statement to that effect will satisfy the rule." LR 7.1-1(b). Additionally, defendants must promptly file a supplemental notice "upon any change in the information that this rule requires." LR 7.1-1(c).

Accordingly,

**IT IS ORDERED** that defendants Crossland and Dotson shall file a notice with the court disclosing all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case **no later than March 23, 2018.** Failure to comply may result in the issuance of an order to show cause why sanctions should not be imposed.

DATED this 6th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE